IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KIMBERLY ZURAKOWSKI,

          Plaintiff,

v.

OPINION & ORDER

NANCY A. BERRYHILL,
*Acting Commissioner of Social Security*,

17-cv-87-jdp

          Defendant.

Plaintiff Kimberly Zurakowski seeks judicial review of a final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, finding her not disabled under the Social Security Act. The court heard oral argument on September 19, 2017. For reasons explained during oral argument and summarized here, the court will grant Zurakowski's motion for summary judgment and remand the Commissioner's decision.

The central issue raised by Zurakowski is whether the administrative law judge properly assessed an examining source's opinion. Zurakowski relied on an opinion from Larry Studt, an occupational medicine specialist, who examined Zurakowski and concluded that she had significant limitations that, if credited, would prevent her from engaging in full-time work. The ALJ gave Studt's opinion little weight because, according to the ALJ, the opinion was inconsistent with treatment notes from Zurakowski's treating physician, Brent Carlson, and her physical therapist, Alzada Bourget, and because Studt gave no explanation in support of his opinion. After the ALJ's decision, Zurakowski submitted a letter from Studt in an attempt to provide an explanation in support of his opinion. Despite Studt's letter, the Appeals Council denied plenary review. Before this court, Zurakowski raises two issues: (1) whether the ALJ

properly assessed Studt's opinion; and (2) whether the Appeals Council should have considered Studt's letter and found Zurakowski disabled.

The court will remand on the grounds that the ALJ did not properly assess Studt's opinion. The Appeals Council's failure to consider Studt's letter is not a basis for remand. The court will also provide additional guidance on issues for consideration on remand.

ANALYSIS

A. Studt's May 7, 2015 opinion

On May 7, 2015, Studt completed a Functional Capacity Evaluation form for Zurakowski, opining that she was disabled. Studt noted that Zurakowski had severe limitations, namely that Zurakowski could perform sedentary work for only one hour a day. *See* R. 636-37. The ALJ gave Studt's opinion little weight for two reasons: (1) the opinion was inconsistent with Carlson's and Bourget's treatment notes, which showed "a marked improvement" in 2014; and (2) Studt offered no explanation in support of his opinion. R. 24. But Studt's opinion was not inconsistent with Carlson's and Bourget's treatment notes. And the fact that Studt offered no explanation in support of his opinion was not a good reason to discount his opinion.

1. Inconsistencies

Studt's opinion was not inconsistent with Carlson's and Bourget's treatment notes. The ALJ cited only three pages from Carlson's notes and one page from Bourget's notes, R. 23 (citing R. 388, 584, 613, 633), but those pages did not warrant the ALJ's conclusion.

Carlson's notes from February 2014 neither contradicted nor supported Studt's opinion. R. 633. Carlson noted that Zurakowski felt better; her left shoulder fatigued easily;

she could not return to her previous job; he recommended that she find another line of work; and for any formal functional capacity examination, he would refer her to a specialist. R. 633. The ALJ construed the comment that Zurakowski felt better as though she had made a significant recovery. But read in context, this statement means only that she felt better compared to past severe pain; it is not a statement that she could work full-time. And Carlson's recommendation that she should find another line of work did not imply that Zurakowski could work, especially given his note that he would refer her to a specialist for a formal, functional assessment of her work capacity. In short, Carlson's notes do not contradict Studt's opinion.

The Commissioner argued during oral argument that Carlson's notes were inconsistent with Studt's opinion because the notes showed that Zurakowski could wash her hair. R. 611. This is not an issue that the ALJ considered. Besides, the argument cuts both ways: Carlson noted that it was so painful for Zurakowski when she washed her hair that she needed to switch hands multiple times. *Id*. This statement goes to show that she could not perform even a basic daily activity; it is not a statement that contradicts Studt's opinion.

As for Bourget's notes, the ALJ's assessment of the record was particularly superficial. The ALJ gave only partial weight to Bourget's opinion that Zurakowski could work for only six hours a day "to the extent that it supports finding" that Zurakowski could perform sedentary work. R. 23. The ALJ's reason was that Bourget "did not point to any objective evidence as to why" Zurakowski could not work full-time. *Id*. (citing R. 613). But Bourget did note her findings from functional evaluations of Zurakowski. R. 611-13. Bourget had Zurakowski perform repeated overhead reaching, simulation of typing, pushing and pulling with cart,

3

forward reaching, and transferring weight. R. 611-12. The ALJ's statement that Bourget pointed to no objective evidence is wrong.

The ALJ also took Bourget's comment that Zurakowski "improved" out of context. Bourget noted in March 2014 that, although Zurakowski's conditions "improved," Zurakowski's still had "significant limitations in use of her bilateral arms." R. 613. Bourget noted that Zurakowski could not manipulate items heavier than five pounds with her left upper extremity, tolerate repeated overhead activities, or perform prolonged reaching activities. *Id*. Bourget also noted that Zurakowski's "limited muscular strength and endurance would likely lead to high levels of pain with longer work hours." *Id*. These notes showed that Zurakowski had significant limitations in March 2014, and the notes do not contradict Studt's opinion.

Studt's opinion is not inconsistent with Carlson's and Bourget's treatment notes.

2. **Lack of explanation**

The ALJ's second reason for discounting Studt's opinion was that Studt gave no explanation "why [Zurakowski] could only work for one hour per day or would have such a significantly limited ability to sit, stand, or walk." R. 24. Studt's two-page Functional Capacity Evaluation form does not provide detailed explanations for his opinions (although there are a few hand-written notes in the margins). But the absence of detailed explanation is not a sufficient reason to discount the opinion of a qualified professional like Studt. *See Brown v. Colvin*, 845 F.3d 247, 253 (7th Cir. 2016). Zurakowski had adduced other medical records showing that she had significant limitations. Considering the record as a whole, Studt's opinion called for more than just a cursory review. And if there were ambiguities or gaps in Studt's assessment, the ALJ should have attempted to develop the record further by contacting Studt. *See Minnick v. Colvin*, 775 F.3d 929, 938 (7th Cir. 2015).

4

In sum, the court will remand this case because the ALJ did not properly assess Studt's opinion of Zurakowski's limitations. Studt's opinion need not be accepted in full on remand, but the Commissioner must demonstrate that Zurakowski had a full and fair consideration of the evidence of record.

**B. New evidence**

Zurakowski contends that the Appeals Council erred by failing to consider new evidence presented after the ALJ's decision. The purported new evidence was Studt's December 2015 letter submitted to the Appeals Council to rebut the ALJ's observation that Studt failed to support his opinion. The letter included a list of the records Studt had considered before reaching his May 2015 opinion. The Appeals Council summarily denied plenary review, stating that it "looked at" Studt's December 2015 letter but the letter did not provide a basis for changing the ALJ's decision. R. 2.

The Appeals Council did not err because it had no obligation to consider Studt's December 2015 letter. Under 20 C.F.R. § 404.970(b), new evidence submitted to the Appeals Council is evaluated only if the evidence is "new and material" and "relates to the period on or before the date of the hearing decision." Here, Studt's letter was not really "new" evidence.

Studt's December 2015 letter was not new because Zurakowski could have submitted the letter before the ALJ's decision. Although the December 2015 letter itself did not exist before the ALJ's decision, the contents of the letter were based "entirely on evidence that had long been available." *See Perkins*, 107 F.3d at 1296. So the letter was only "derivative" of Zurakowski's other evidence, and she could have prepared and submitted the letter before the ALJ's decision, which Zurakowski does not dispute. The information in the letter was available,

5

and therefore the letter was not new evidence under § 404.970(b). The Appeals Council had no obligation to consider it.

**C. Other issues on remand**

The court makes a few additional observations to facilitate consideration of Zurakowski's case on remand. The next decision should demonstrate more than just superficial engagement of the record.

The Commissioner should reconsider Zurakowski's testimony. The ALJ apparently found Zurakowski generally credible, but he discounted Zurakowski's testimony somewhat because she received unemployment compensation. R. 23. But receiving such compensation is only one factor in assessing a claimant's credibility, and "[a]ll of the surrounding facts must be carefully considered." *Scrogham v. Colvin*, 765 F.3d 685, 699 (7th Cir. 2014). The ALJ also noted that Zurakowski was a smoker, but it is unclear how, or even whether, smoking matters to Zurakowski's conditions or her ability to work. If the ALJ finds Zurakowski less than fully credible, he should be clear about what parts of her testimony he does not credit.

Finally, the Commissioner should consider Zurakowski's back problems. Her main concern was her shoulders, but Studt noted that Zurakowski had a history of back issues for 30 years. R. 637. Depending on the severity of those problems, they might help explain why Studt thought Zurakowski's capacity was so limited.

ORDER

IT IS ORDERED that:

1. The decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security, denying plaintiff Kimberly Zurakowski's applications for disability benefits is REMANDED.

2. Plaintiff's appeal is DISMISSED.

3. The clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered September 20, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge